IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES C. LEVER
ADC# 99939                                                                                    PETITIONER

VS.               CASE NO.: 5:16CV00155 BRW/BD

WENDY KELLEY, Director,
Arkansas Department of Correction, et al.                              RESPONDENT

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Mr. Lever may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**     **Jurisdiction**

Petitioner James C. Lever, an inmate in the Arkansas Department of Correction ("ADC"), filed the pending petition for writ of habeas corpus under 28 U.S.C. § 2254 and paid the filing fee. (Docket entries #1, #4) Mr. Lever is currently serving a life sentence

without parole after being convicted of capital murder in the Circuit Court of Craighead County, Arkansas, on August 26, 1997. *Lever v. State*, 333 Ark. 377, 381, 971 S.W.2d 762, 764 (1998).

In January, 2002, Mr. Lever filed a federal habeas petition under 28 U.S.C. § 2254, challenging his 1997 conviction. *Lever v. Norris*, 3:02cv00035-BRW (petition filed February January 29, 2002). In the petition, Mr. Lever complained that the prosecution wrongfully withheld evidence of the victim's reputation, in violation of the "*Brady* rule." He also complained that his trial counsel was ineffective for failing to investigate and present evidence of the victim's reputation and for advising him not to testify that he shot the victim out of fear of being harmed. *Id*. at docket entries #16, p. 2 and #17. The Court denied his petition, because Mr. Lever had procedurally defaulted his claims in state court and had not established cause, prejudice, or actual innocence in order to overcome his default. *Id*. at docket entries # 16 and #17.

Mr. Lever requested a certificate of appealability, but the Court of Appeals for the Eighth Circuit reviewed the district court file, denied the application, and dismissed the appeal. *Lever v. Norris*, No. 03-1101, (8th Cir. Jan. 29, 2003). The United States Supreme Court denied Mr. Lever's petition for a writ of certiorari. *Lever v. Norris*, 539 U.S. 947, 123 S. Ct. 2615 (2003).

Mr. Lever has now filed this second petition challenging the same judgment and commitment order. In this petition, Mr. Lever claims that his lawyer and the trial court

were ineffective for failing to move for and order a mental evaluation; he also complains of errors during jury selection. (Docket entries #1 and #2)

The Court lacks jurisdiction to hear Mr. Lever's petition. As noted, Mr. Lever has already challenged his conviction through a federal habeas petition. Before filing a second habeas corpus petition in federal court, a petitioner must seek and receive an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims actual innocence. 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Without an order from the court of appeals authorizing the filing of a second petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is clearly successive because Mr. Lever has filed a prior petition challenging the same state court judgment.

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

### III. Conclusion

The Court recommends that Judge Wilson DENY and DISMISS James C. Lever's petition for writ of habeas corpus (#1), without prejudice, for lack of jurisdiction. The Court further recommends that Judge Wilson deny a certificate of appealability.

DATED this 13th day of June 2016.

_____
UNITED STATES MAGISTRATE JUDGE